**Virgele BRUEN, Appellant,**

**v.**

**LOCAL 492 INTERNATIONAL UNION OF ELECTRICAL RADIO AND MACHINE WORKERS, AFL–CIO and Charles Garland, Individually and in his Official capacity and, Newark Lamp Plant Division of General Electric Company.**

No. 17969.

United States Court of Appeals, Third Circuit.

Argued March 31, 1970.

Decided April 28, 1970.

John C. Love, Newark, N. J., for appellant.

Julius B. Poppinga, McCarter & English, Newark N. J. (John R. Drosdick, Newark, N. J., on the brief), for appellee, Newark Lamp Plant of General Electric Co.

Melvin Warshaw, Washington, D. C., International Union of Electrical Radio and Machine Workers, for appellee, Local 492, etc.

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal by the plaintiff from a judgment of the District Court for the

District of New Jersey dismissing her complaint under section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185(a), which alleged that the defendants had arbitrarily, maliciously and in bad faith removed the plaintiff's seniority rights in her employment by adopting a discriminatory local agreement and which sought their restoration with back pay and benefits. It appears that the plaintiff had been an employee of the General Electric Company in its Seaboard Lamp Division in Newark, New Jersey, from May 11, 1943 until June 23, 1961, when she was laid off. On October 26, 1961 she was rehired by the General Electric Company in its Newark Lamp Division which was located in the same building in Newark as the Seaboard Lamp Division. She is still employed in the Newark Lamp Division.

The defendants Local 492 and Newark Lamp Division of the General Electric Company on November 26, 1958 had entered into a local agreement which, inter alia, laid down the criteria for determining the seniority of employees in case of reduction of force. Under that agreement all employees then in the Newark Lamp Division were to have their seniority determined by their total length of service with General Electric Company, whereas employees subsequently hired by the Division after layoff from another component of General Electric Company were to have their seniority based on their service in the Newark Lamp Division only. Under this provision the plaintiff has received no seniority credit for her prior service in the Seaboard Lamp Division. It is this provision which the plaintiff urges is arbitrary and discriminatory as applied to her, a post-agreement employee of the Division, when it is not by its terms applicable to ante-agreement employees of the Division. She accordingly asserts that the defendant Local 492 did not fairly represent employees in her position in negotiating the agreement.

In a careful and comprehensive opinion Chief Judge Augelli of the district court considered the contentions of the plaintiff and made findings of fact which are fully supported by the evidence and which, in turn, support his conclusions that the local agreement in question was not arbitrary or discriminatory and that the plaintiff's complaint was without merit. 1969, 313 F.Supp. 387. We are in full accord with Chief Judge Augelli's reasoning and conclusions. We need only add in further support of them that it affirmatively appears from the testimony that prior to 1958 it had been the practice of the Newark Lamp Division to base seniority on service in that Division only, and that the provision giving retroactive seniority to existing employees for service in other General Electric divisions which was incorporated in the 1958 agreement applied to a comparatively few employees then in the Newark Lamp Division. It was placed in the agreement at the suggestion of the company negotiator to eliminate existing friction in the Division involving those employees but the company was not willing to make this exception the rule by extending it to cover all future employees of the Division coming in from other General Electric divisions. We also note that there is nothing in the testimony to suggest that at the time the 1958 agreement was negotiated, the union negotiators had any knowledge of the impending closing of the Seaboard Lamp Division which was completed in 1962.

The judgment of the district court will be affirmed.